UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Blaine Leased Housing Associates III, LLLP, | Civ. No. 25-cv-2318 (JRT/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Rentokil North America, Inc, *doing business as* Presto-X, | |
| Defendant. | |

Plaintiff Blaine Leased Housing Associates III, LLLP ("BLHA") filed a Complaint in this matter against Defendant Rentokil North America, Inc, *doing business as* Presto-X ("Presto-X") on May 6, 2025 in Anoka County District Court in the State of Minnesota ("Complaint") (ECF No. 1-1). Defendant Presto-X removed the matter to this Court on June 3, 2025 ("Notice of Removal") (ECF No. 1). Due to an apparent filing error, Presto-X's Notice of Removal cut off mid-sentence, prior to describing why the Court has subject matter jurisdiction over this matter. On June 4, 2025, the Court directed Defendant Presto-X to file an Amended Notice of Removal, clearly explaining why the Court has jurisdiction over this matter—particularly given Plaintiff BLHA's status as a limited liability limited partnership.

On June 11, 2025, Presto-X filed a letter stating that "after reviewing the available materials and conferring with Plaintiff's counsel, Defendant will not be able to establish the necessary citizenship to establish diversity jurisdiction." (ECF No. 7 at 1.) Defendant thus stated that the case should be remanded to state court. (*Id.*)

Subject matter jurisdiction is a threshold requirement for federal court litigation. *See, e.g., Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co.*

*v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)). "The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied." *Ahmed v. GCA Prod. Servs., Inc.*, 249 F.R.D. 322, 324 (D. Minn. 2008) (citing *In re Bus. Men's Assurance Co.,* 992 F.2d 181, 183 (8th Cir. 1993)).

Because Defendant states that it cannot meet this burden, and the record does not establish that the burden has been met, the Court concludes that it does not have subject matter jurisdiction over this case. The Court accordingly recommends that this matter be remanded to the state court.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this matter be remanded to the Anoka County District Court for lack of federal subject matter jurisdiction.

Dated:  June 16, 2025                             *s/ Dulce J. Foster*
                                                                DULCE J. FOSTER
                                                                United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c)